IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

TERRY FRAZIER,

       Plaintiff,

V.                                                                    CIVIL ACTION NO. 3:08-0975

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his applications on June 1, 2005, alleging disability commencing January 20, 2004, as a consequence of back injuries, heart problem, liver/pancreas problem, leg problem, depression and high blood pressure. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-seven years of age and had obtained a high school education. His past relevant employment experience consisted of work as a millwright, painter and plumber. In his decision, the administrative law judge determined that

plaintiff suffers from "degenerative joint disease of the spine, coronary artery disease, hypertension, depression and anxiety," impairments he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. Plaintiff contends that the administrative law judge failed to properly consider his combination of impairments. Specifically, plaintiff states that the administrative law judge did not adequately consider his eczema and difficulty with his wrists.

The Social Security regulations provide:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 416.923; *see also* Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974).

It is apparent that plaintiff's eczema was considered by the administrative law judge and that this condition has not had a significant impact on his ability to perform work activities. The record

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

2

indicates that he was first found to have eczema on his feet when he was hospitalized in 2004 for a cardiac catheterization.  This condition was not mentioned again until he had a flare up in 2007 that was treated with Lamasil/Lotrimin.  He testified that he has had this condition for a long time and it is something that you just live with.  At times it has affected his ability to stand and walk; however, there was  no evidence presented that suggests this condition has limited his ability to perform work in the past.  It is clear the administrative law judge considered this condition, as it was discussed in his findings.  Findings which, insofar as they relate to plaintiff's functional limitations, are clearly supported by the evidence.

Plaintiff also argues that the administrative law judge should have adopted limitations as a result of his wrist problems.  The only evidence in support of a problem with his wrists is a consultative examination by Dr. Beard who found him to have a "mildly positive" Tinel sign[3] at both wrists.  However, Dr. Beard's physical examination also indicated that he had normal range of motion of the wrist, normal grip strength, normal fine manipulation, normal upper extremity strength, could fully extend his hands, could make a fist, and could oppose his fingers.  Therefore, it is clear that plaintiff was not limited in the use of his hands and wrists, and that substantial evidence supports the findings of the administrative law judge with regard to his combination of impairments.

Plaintiff also asserts that the administrative law judge made a faulty credibility assessment.  The regulations describe a two-step process for evaluating symptoms.[4]  The administrative law judge

---

[3] A sensation of tingling, or of "pins and needles," felt at the lesion site or more distally along the course of a nerve when the latter is percussed; indicates a partial lesion or early regeneration in the nerve. Stedman's Medical Dictionary, 27th ed., 373770.

[4] See 20 C.F.R. § 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

3

must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[5] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[6]  The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in this analysis, <u>Craig</u> v. <u>Chater</u>, supra at 595, subjective complaints may not be discredited solely because they lack objective support. <u>Hines</u> v. <u>Barnhart</u>, 453 F.3d 559, 565 (4th Cir. 2006).

  Examination of the record in this case establishes that, after finding that plaintiff's impairments could reasonably be expected to produce his alleged symptoms, the administrative law judge found that his statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible.  The administrative law judge made this credibility determination after considering the factors listed in SSR 96-7p.[7]  In considering these factors, the administrative law judge noted that plaintiff is able to take care of his own personal hygiene, occasionally cook for himself, visit with his parents, visit his grandma in a nursing home, watch television, and do light things in the house.  He noted complaints of pain at about the belt line that

---

[5] <u>Id.</u>

[6] <u>Id.</u>

[7] <u>See</u> <u>also</u> 20 C.F.R. § 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms

shoots all the way down the side of his leg to his ankle, aggravated by damp/cool weather, and that he used to take prescription medication but now takes over the counter medication only, which are ineffective.  The administrative law judge went on to find that his description of his limitations was exaggerated, that he has had minimal treatment[8], and there was an inconsistency in the record regarding how his previous job had ended.[9]  Based on the foregoing, it is clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, and the assessment of plaintiff's credibility  are supported by substantial evidence.  Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:   January 5, 2010

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[8] The administrative law judge noted that he testified that he could not afford treatment.

[9] He testified that he quit working thinking he was having a heart attack, but records reflect he had some type of altercation with his boss.

5